UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WYRES, Plaintiff, v. DR. RONALD ZHANG and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, Defendants. | Case No.: 19-cv-2050-TWR (KSC)<br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**<br>**[Doc. No. 10]** |

Plaintiff Troy Wyres ("plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. *See* Doc. Nos. 1, 5. Plaintiff alleges in his Complaint that defendant Ronald Zhang, M.D. ("Zhang") was deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights.[1] *See* Complaint at 6-11.[2] Before the Court is Zhang's Motion

[1] The California Department of Corrections and Rehabilitation ("CDCR") was also named as a defendant but was later dismissed from the case. *See* Complaint Under the Civil Rights Act 42 U.S.C. § 1983 (the "Complaint"), Doc. No. 1, at 2; Doc. No. 5 at 4.

[2] All citations are to the ECF-generated page numbers.

pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's Complaint for failure to state a claim for relief (the "Motion to Dismiss" or "Mot."). Doc. No. 10. Pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1, the undersigned Magistrate Judge submits the following Report and Recommendation to United States District Judge Todd W. Robinson. For the reasons that follow, the Court **RECOMMENDS** that the District Court **GRANT** Zhang's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

On October 24, 2019, plaintiff filed his Complaint and a Motion to Proceed *in forma pauperis*. *See* Doc. Nos. 1, 2. The District Court granted plaintiff leave to proceed *in forma pauperis* on December 30, 2019. Doc. No. 5. At the same time, the District Court dismissed CDCR, finding that CDCR was not subject to suit under § 1983. *Id.* at 4. The District Court screened the Complaint *sua sponte* as required under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and found the factual allegations therein met the "low threshold" for proceeding. *Id.*

On May 13, 2020, Zhang filed the instant Motion to Dismiss. It was accompanied by a Request for Judicial Notice of five exhibits filed in support of Zhang's Motion to Dismiss (the "RJN"). Doc. No. 10-1. Plaintiff opposed the Motion to Dismiss on August 6, 2020 (the "Opposition" or "Opp."). Doc. No. 15. Zhang filed a Reply in support of his Motion to Dismiss on August 25, 2020 (the "Reply"). Doc. No. 16.

### B. Factual Summary

Plaintiff is a 54-year-old male currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego County. Zhang is a medical doctor employed at RJD. As alleged in the Complaint, plaintiff suffers from, *inter alia*, gallstones, cirrhosis, Hepatitis B and C, and degenerative disc disease. Complaint at 6. These conditions, as well as plaintiff's history of multiple fractures and past orthopedic surgeries, cause him chronic pain. *Id.* at 6-7. Attached to plaintiff's Complaint are various medical records from treatment plaintiff received at RJD for these and other

ailments. *Id.* at 14-92. These records also reveal that plaintiff has a history of using and/or abusing alcohol, cocaine, marijuana, LSD and methamphetamines, and there are several notes regarding possible drug diversion in the chart.[3] *See, e.g., id.* at 13, 16, 19-21, 27-28. Plaintiff's medical records also document diagnoses of chronic paranoid schizophrenia and seizure disorder. *Id.* at 13, 47, 52, 53.

The medical records attached to plaintiff's Complaint confirm that during the period April 2017 to February 2019, plaintiff was treated with morphine extended release twice a day to manage his chronic pain.[4] *Id.* at 26, 35-36, 37, 39, 41, 45, 47, 53, 55, 81. A progress note dated October 2, 2017, indicates plaintiff had suffered a fall and was complaining of new or worsening pain to his right leg and hip. *Id.* at 55. At plaintiff's request, Zhang increased plaintiff's morphine dosage after discussing with him the risks of abuse, overdose and death associated with morphine use. *Id.* at 56. He also encouraged plaintiff to use relaxation techniques to help him manage his pain. *Id.* On January 23, 2018 and again on April 18, 2018, Zhang discussed with plaintiff the risks of abuse, overdose and death associated with morphine use, but did not discontinue morphine treatment. *Id.* at 42, 48.

However, during a visit dated January 24, 2019, Zhang again expressed concern over plaintiff's continued use of morphine and planned to discontinue it. *Id.* at 29. Zhang wrote:

> Patient currently on morphine ER twice a day for his chronic pain. Patient states that the morphine helps him with his daily activities such as showering and dressing himself. Increase risk of death due to opiate abuse overdose and addiction discussed with patient. … Due to the risk of death from

---

[3] "Drug diversion" is the transfer of prescription drugs to people for whom they were not prescribed. Zhang's Motion to Dismiss refers to this behavior along with drug "hoarding." Mot. at 8.

[4] A note from March 27, 2017 shows plaintiff was started on a "trial" of Tylenol 3 (*i.e.*, Tylenol with codeine) for chronic pain management. Complaint at 57. However, plaintiff soon complained that the medication was "making me sick." *Id.* at 81. On April 3, 2017, plaintiff was prescribed morphine instead. *Id.*

> opio[i]d abuse, overdose and addiction, I will start [to] taper down his morphine at this time.

*Id*. at 29. Zhang ordered a tapering dose of morphine for plaintiff for the next 30 days and indicated he would follow up with plaintiff thereafter. *Id.* at 31.

Plaintiff next saw Zhang on March 11, 2019. *Id.* at 22. Although plaintiff's primary complaint at the time was not related to his chronic pain, Zhang noted that plaintiff had used morphine for his chronic pain but had "since been tapered off his morphine" and "appeared comfortable" during this visit.[5] *Id.* The "active medications" list for this visit indicates that plaintiff had discontinued morphine and was taking Tylenol as needed for pain at this time. *Id.* at 23. Zhang also noted that plaintiff's drug screen on January 31, 2019, was negative for opiates. *Id.*

Progress notes dated April 9, 2019, and April 24, 2019 indicate that plaintiff was taking Tylenol (acetaminophen) as needed for pain. *Id.* at 16, 18-19. Zhang advised plaintiff to continue doing so and instructed him to do stretching exercises. *Id.* at 21. On May 1, 2019, plaintiff filled out a "Health Care Services Request Form," requesting "Gabapentin[6] for pain." *Id.* at 73. His note reads, "I'm suing you anyway so please meet me [in the] hallway." *Id.* In a May 14, 2019 progress note, Zhang stated that plaintiff had "been on Tylenol for his chronic pain, however he is requesting a stronger medication to help him with his chronic pain over his right hip as well as lower back." *Id.* at 13. Zhang ordered a trial of Cymbalta[7] with instructions to continue Tylenol as needed. *Id.* at 15.

---

[5] A notation on page 28 of the Complaint reads, "Alleged drug diversion – morphine has since been tapered off." This entry appears to be a continuation of Zhang's March 11, 2019 progress note. *See* Complaint at 22.

[6] Gabapentin is a non-opioid, anticonvulsant medication sometimes used to treat pain. *See* https://www.drugs.com/gabapentin.html (last visited October 29, 2020).

[7] Cymbalta (generic name duloxetine) is a selective serotonin and norepinephrine reuptake inhibitor used to treat chronic muscle or joint pain, fibromyalgia, and diabetic neuropathy, as well as anxiety and depression. *See* https://www.drugs.com/cymbalta.html (last visited October 29, 2020).

On June 3, 2019, plaintiff submitted another "Health Care Services Request Form" which stated: "I would like to get my Gabapentin back please your med you put me on itsn't [sic] working!" *Id.* at 76. There are no progress notes dated after May 14, 2019 attached to the Complaint, but other attached documents indicate that plaintiff was seen again on June 13, 2019 and July 12, 2019, at which visits Tylenol and Cymbalta were continued for plaintiff's chronic pain. *Id.* at 86. In July 2019, an order for physical therapy was also placed. *Id*. As of August 2019, plaintiff's providers continued to prescribe Tylenol and Cymbalta to treat his chronic pain, and plaintiff was "enrolled in the Chronic Care Program." *Id.* at 85-86.

In March 2019, plaintiff filed a healthcare grievance over the discontinuation of his morphine. *See id.* at 3, 91. Although plaintiff's grievance paperwork is not attached to the Complaint, he did attach responses from institutional- and headquarters-level reviews. *Id.* at 85-89. At the institutional level, after a review of plaintiff's medical records, current course of treatment, and an interview with a registered nurse during which he explained his grievance, RJD's Chief Medical Executive and Chief Executive Officer determined that "[t]here is no medical indication to reinstate morphine." *Id.* at 88-89. The reviewers noted that "[o]pioids are not the preferred treatment for chronic pain" and that, consistent with the CDC's Guidelines for Prescribing Opioids, preferred treatments included non-pharmacologic therapies and non-opioid medications. *Id.* at 89. Plaintiff appealed this decision to the California Correctional Health Care Services Care Correspondence and Appeals Branch (the "Appeals Board"), who also declined to reinstate plaintiff's morphine. *Id.* at 86. The Appeals Board reiterated that opioids were not the preferred treatment for chronic pain and stated that "complete pain relief is not a realistic goal" but that "[t]he goal is to reduce pain and improve function while avoiding significant side effects and risks associated with stronger pain medications or surgery." *Id.* The Appeals Board concluded that there was no "staff misconduct or deliberate indifference to [plaintiff's] health care needs," even if plaintiff disagreed with Zhang's treatment decisions. *Id.*

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In assessing whether the Complaint meets these standards, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and facts properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007); *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) ("If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint."). The court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Similarly, the Court is not required to assume the truth of "allegations that contradict matters properly subject to judicial notice or by exhibit." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Twombly*, 550 U.S. at 557).

/ /

**B. Standards Applicable to *Pro Se* Litigants**

Pleadings drafted by *pro se* inmates such as plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and the Court must construe them "liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

## III. DISCUSSION

The crux of plaintiff's Eighth Amendment claim is that Zhang discontinued plaintiff's morphine "on an unreasonable basis." Complaint at 6. Although Zhang prescribed alternative therapies for plaintiff's pain, plaintiff alleges that these are "ineffective" and "amounted to no treatment at all." *Id.* at 6, 9. Plaintiff claims that he has repeatedly told Zhang that his pain is not well-controlled by anything other than morphine, but Zhang has continued to refuse to prescribe morphine for him. *Id.* at 8-9. Plaintiff asserts that Zhang has therefore been deliberately indifferent to plaintiff's serious medical needs. *Id.* at 7, 9-10.

A determination of deliberate indifference involves a two-part inquiry. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Id.* (citation and internal quotations omitted). Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent. *See id*.

**A. Plaintiff Has Adequately Alleged a Serious Medical Need**

Plaintiff has adequately alleged the existence of an objectively serious medical need. Plaintiff alleges, and Zhang does not dispute, that plaintiff's multiple medical

issues cause him "chronic and substantial pain" affecting his activities of daily living. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (noting that the "existence of chronic and substantial pain" is a serious medical need) (citation omitted); Complaint at 6-9. The only question for the Court, therefore, is whether plaintiff has pled adequate facts to show that Zhang acted with "deliberate indifference" to plaintiff's medical need. *Jett*, 439 F.3d at 1096.

**B. Plaintiff Has Not Adequately Alleged Zhang' Deliberate Indifference**

To establish a defendant's deliberate indifference to a serious medical need requires a plaintiff to show defendant purposefully ignored or failed to respond to a prisoner's pain or possible medical need. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). This is a "high legal standard," and neither inadequate treatment, nor malpractice, nor even gross negligence will satisfy it. *Toguchi v. Chung*, 391 F.3d 1051, 1059 (9th Cir. 2004). Here, plaintiff alleges that despite knowing plaintiff suffers from chronic pain, Zhang has discontinued plaintiff's morphine in favor of treatments that are not as effective. *See* Complaint at 9-10. While plaintiff states that Zhang was therefore "deliberately indifferent" to plaintiff's medical needs, *see* Complaint at 7-9, he must plead "more than labels and conclusions" to state a plausible claim for relief. *D.C. by and through Cabelka v. Cty. of San Diego*, 445 F. Supp. 3d 869, 880 (S.D. Cal. 2020).

**1. Plaintiff Alleges Only a Disagreement with Zhang's Treatment Plan**

The documents attached to plaintiff's Complaint show that Zhang has treated plaintiff's chronic pain with non-opioid medications such as Tylenol and Cymbalta, stretching exercises, and physical therapy. Complaint at 15, 21, 28, 86. Zhang also expressed a willingness to explore "other alternatives" if the medications he gave plaintiff were not effective. *Id.* at 9. Even viewing these facts in the light most favorable to plaintiff, they do not support an inference of Zhang's deliberate indifference, but instead show that plaintiff received ongoing medical care and attention to his complaints of chronic pain. *See Wilson v. Montgomery*, No. 14-cv-1383-JAH (NLS), 2015 WL 12762174, at *4 (S.D. Cal. Dec. 23, 2015), *report and recommendation adopted*, 2016

WL 6804437 (S.D. Cal. Aug. 8, 2016) (noting that "providing an inmate with regular treatment shows a lack of deliberate indifference").

Indeed, as Zhang correctly notes, plaintiff has not alleged that Zhang "refused to provide *any* pain medication" but instead is "critical of the *specific medications* prescribed." Mot. at 12 (emphasis in original). Plaintiff alleges that the Tylenol and Cymbalta Zhang prescribed for his pain were "ineffective," "cursory," "like poison," and the equivalent of "no treatment at all," and that morphine is "the only course of treatment effective without side effects." Complaint at 6, 8, 9. At best, these allegations state a disagreement with Zhang's treatment plan. *See Joseph v. Clayton*, No. 3:19-cv-2139-GPC-RBM, 2020 WL 804863, at *6 (S.D. Cal. Feb. 18, 2020) (finding similar allegations "boil[ed] down to a mere difference of opinion" about the proper course of treatment). However, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to plaintiff's health.'" *Toguchi*, 391 F.3d at 1058 (citations omitted); *see also Rosati*, 791 F.3d at 1039 (same).

**2. Plaintiff Has Not Shown Zhang's Treatment Was Medically Unacceptable**

Plaintiff has not alleged sufficient facts to show that Zhang's decision to treat plaintiff's chronic pain with Tylenol, Cymbalta, and various non-pharmacologic interventions was medically unacceptable under the circumstances. Plaintiff alleges that Zhang was aware that neither Tylenol nor Cymbalta controlled his pain as well as morphine, making the decision to discontinue morphine "unreasonable." Complaint at 6-7; *see also* Opp. at 5 (stating that it was "not reasonable" for Zhang to prescribe Cymbalta instead of morphine). Even if true, an unreasonable medical decision does not rise to the level of deliberate indifference. *Toguchi*, 391 F.3d at 1060; *see also Schlobom v. Mountain Vista Med. Ctr.*, No. CV 13–1237–PHX–DGC (MEA), 2013 WL 6094630,

at *8 (D. Ariz. Nov. 20, 2013) (noting that "[n]ot every claim by a prisoner relating to inadequate medical treatment states a [constitutional] violation").

Furthermore, plaintiff's allegation that Zhang's treatment decisions were unreasonable is undermined by documents attached to plaintiff's complaint. Specifically, plaintiff has attached decisions by the Appeals Board indicating that Zhang's treatment plan was reviewed at the institutional and headquarters levels and found to be appropriate and consistent with department policy and medical guidelines. *See* Complaint at 85-89. Based on a review of plaintiff's grievance by RJD's Chief Medical Executive and others, it was determined that there was "no medical indication to reinstate morphine." *Id.* at 89. The Court is "not required to accept as true" plaintiff's allegations that Zhang's care and treatment of him was medically unacceptable where those allegations "are contradicted by documents referred to in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The Court cannot plausibly infer that Zhang's decision to "wean plaintiff off morphine" was medically unacceptable, particularly where the documents attached to the Complaint show Zhang "took other reasonable steps to abate plaintiff's pain." *See DeGeorge v. Mindoro*, 2019 WL 2123590, at *7 (N.D. Cal. May 15, 2019) (finding no deliberate indifference despite plaintiff's claim that only morphine was "very effective" in treating his lower back pain).

**3. Plaintiff Has Not Shown Zhang Was Purposefully Indifferent to His Pain**

Plaintiff has also not alleged enough facts to support an inference that Zhang's decision to discontinue plaintiff's morphine was made in conscious disregard of an excessive risk to his health. Plaintiff's conclusory allegation in the Complaint that Zhang had a financial motive for discontinuing plaintiff's morphine does not state a claim for deliberate indifference. Complaint at 8, 9 (alleging that Zhang took plaintiff off morphine because it was "too expensive"); *see also* Opp. at 6 (stating Zhang had "money reasons" for discontinuing plaintiff's morphine). The Court is not required to credit plaintiff's allegation that Zhang's "basis" for discontinuing his morphine was "non-medical," Complaint at 11, for which there is no factual support. *See Moss*, 572 F.3d at

969 (stating that the Court need only consider "non-conclusory 'factual content,' and reasonable inferences from that content") (citing *Twombly*, 550 U.S. at 557).

Plaintiff's threadbare allegations that Zhang's decision to cease plaintiff's morphine treatment was financially motivated are also undermined by plaintiff's medical chart from RJD. Those records – which are "part of" the Complaint[8] – contain numerous references to Zhang's concerns regarding addiction and overdose, plaintiff's history of drug use, and suspicion that he was diverting or hoarding drugs. *See, e.g.*, Complaint at 16, 18, 22, 24, 29, 31, 42, 56, 58. Plaintiff's medical records also indicate that he was "comfortable," "doing well," and in "no acute distress" at several visits after his morphine was discontinued. *See id.* at 14, 16, 22, 23. These facts not only contradict plaintiff's allegation of Zhang's financial motive, but support the opposite inference – namely, that Zhang's decision to taper plaintiff off morphine was made in consideration of plaintiff's medical history, physical symptoms, CDCR policies, medical guidelines and the "recognized dangers of opioids." *See* Mot. at 10-11.

In his Opposition, plaintiff claims his past drug use as documented in his RJD medical records is overstated. Opp. at 3. He states that he only tried cocaine, amphetamines and hallucinogenics "once" and marijuana "3 times." *Id.* Although not entirely clear, plaintiff appears to suggest that Zhang's decision to discontinue plaintiff's morphine due to his history of drug abuse is pretextual. Here again, however, plaintiff's assertion is contradicted by the medical records he attached to his Complaint, which indicate that he used these drugs "daily." *See, e.g.*, Complaint at 15, 24, 30. Plaintiff is identified as having a history of "cocaine abuse" as well as methamphetamine and marijuana "use" and a family history of substance abuse and dependence. *See, e.g., id.* at 13-14. The Court therefore need not credit plaintiff's apparent suggestion of pretext, because it is undermined by plaintiff's medical records. *See Lazy Y Ranch Ltd.*, 546 F.2d

[8] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

at 588. And, even if the Court were to assume that plaintiff's merely "tasted" some drugs when he was young, Opp. at 3, plaintiff's history of drug use was only one of the reasons Zhang discontinued his morphine. Furthermore, plaintiff acknowledges that he received alternative therapies for his pain, and documents attached to the Complaint indicate that opioids such as morphine are not the "preferred" treatment for chronic pain. *See* Complaint at 9-10, 86, 89; Opp. at 5. Thus, the facts do not support a plausible inference that Zhang purposefully ignored or failed to respond to plaintiff's pain by elected to treat it with non-opioid medications and other, non-pharmacological therapies. *See Rosati*, 791 F.3d 1039. In sum, plaintiff's Complaint establishes only that "he preferred different medications than those provided" by Zhang. *Goolsby v. Ridge*, No. 09CV02654 WQH RBB, 2011 WL 2006303, at *16 (S.D. Cal. May 23, 2011). That is not enough to state a plausible claim for relief. *Toguchi*, 391 F.3d at 1058.

Based on the foregoing, plaintiff has failed to plead facts sufficient to demonstrate Zhang was deliberately indifferent to his medical needs. It is therefore RECOMMENDED that the District Court GRANT Zhang's Motion to Dismiss.

**C. Consideration of Documents Outside the Complaint**

Both parties submit documents outside of the pleadings with their moving papers. *See* Doc. No. 10-1 (defendant's RJN); Opp. at 10-36 (Exhibits A-E to plaintiff's Opposition). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The Court addresses these documents below.

**1. Zhang's Request for Judicial Notice**

Zhang requests that the Court take judicial notice of (1) a news article, (2) two California Correctional Health Care Services Care Guides; (3) an entry in the Physician's Desk Reference; and (4) a report of a study of inmate deaths in California. Doc. No. 10-1 at 1-2. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts that "[are] generally known within [its] territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(b)(1) and (2). Even where these requirements are satisfied, however, "judicial notice [is] inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court." *Black Lives Matter-Stockton Chapter v. San Joaquin Cty. Sheriff's Office*, 398 F. Supp. 3d 660, 681 (E.D. Cal 2019) (citing *Ruiz v. City of Santa Maria*, 160 F. 3d 543, 548 n. 13 (9th Cir. 1998)). The Court declines to take judicial notice of the documents referenced in Zhang's RJN because the undersigned has assessed the sufficiency of plaintiff's Complaint without reference to them. *See Hayes v. Woodward*, 444 F. Supp. 2d 1127, 1137 (S.D. Cal. 2006) (declining to take judicial notice of documents where doing so was "unnecessary").

**2. Additional Medical Records Submitted by Plaintiff**

Plaintiff attached several additional medical records to his Opposition (not attached to the Complaint) purporting to show he did not have a history of drug abuse. Opp. at 10-36. These consist of several drug tests taken while he was incarcerated and notes from various healthcare providers indicating that plaintiff denied current or past substance abuse. Plaintiff has not made a showing that these documents are properly considered by the Court in the context of Zhang's Motion to Dismiss, either by requesting that the Court take judicial notice of them or establishing that they are subject to the incorporation-by-reference doctrine.[9] Despite the liberal treatment afforded their pleadings, "*pro se* litigants must follow the same rules of procedure that govern other litigants." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1011 (S.D. Cal. 2006).

Here, judicial notice of plaintiff's additional medical records would be inappropriate. Plaintiff submitted the documents to attempt to establish that he is not a recovering drug addict, but the Court may not take notice of matters that are subject to reasonable dispute, nor can it take notice of disputed facts. *Lee*, 250 F.3d at 690.

---

[9] "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken … their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Likewise, the Court cannot consider the documents under the incorporation-by-reference because plaintiff did not "'refer[] extensively'" to them in the Complaint, nor do they "'form[] the basis of plaintiff's claim.'" *Khoja*, 899 F.3d at 1002 (citations omitted). In any event, even if the Court were to consider the additional medical records plaintiff has attached to his Opposition, those records do not contain any additional facts from which the Court can plausibly infer that Zhang's treatment decisions were medically unacceptable or that he purposely ignored plaintiff's pain. As such, the Court's conclusion that plaintiff's Complaint fails to state a claim for relief remains unchanged.

**D. Leave to Amend**

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure unless it is "absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). The Complaint is plaintiff's first attempt at stating a claim for deliberate indifference to a serious medical need as against Zhang. Although unlikely, it is possible plaintiff may be able to cure the defects identified in this Report and Recommendation. Therefore, it is also RECOMMENDED that the District Court GRANT plaintiff at least ***30 days' leave to amend*** his Complaint for deliberate indifference to a serious medical need in violation of the Eighth Amendment as against Zhang.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

## IV. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the District Court:

1. **GRANT** Zhang's Motion to Dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted [Doc. No. 10]; and
2. **GRANT** plaintiff at least ***30 days' leave to amend*** his Complaint for deliberate indifference to a serious medical need in violation of the Eighth Amendment as against Zhang.

**IT IS HEREBY ORDERED** that no later than ***November 23, 2020***, any party to this Action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***December 2, 2020***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: October 29, 2020

Hon. Karen S. Crawford
United States Magistrate Judge