UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WYRES,<br><br>                   Plaintiff,<br><br>v.<br><br>DR. RONALD ZHANG et al.,<br><br>                   Defendants. | Case No.: 19-cv-2050-TWR (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING AN EXTENSION OF TIME FOR PLAINTIFF TO OPPOSE DEFENDANT'S MOTION TO DISMISS; and**<br><br>**(2) DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 39]** |

Before the Court is a document titled "Reply to Defendant's Response to Plaintiff's Second Motion for Extension of Time" dated June 14, 2021 (the "Reply"). Doc. No. 39. By way of background, plaintiff previously moved for an additional 45 days to oppose Defendants' Motion to Dismiss the First Amended Complaint on the basis that he had not been able to access the law library. Doc. No. 35. In response to plaintiff's motion, defendant represented that the law library at RJD has been open to inmates since April 27, 2021 and that the facility had no record of plaintiff having requested access to the library. Doc. Nos. 37, 37-1. The Court found that plaintiff had not established good cause for his

requested extension, but nevertheless allowed plaintiff an additional 21 days, or until July 1, 2021, to submit his opposition to defendant's Motion to Dismiss. *See* Doc. No. 38.

In his Reply, plaintiff states that defendant's response to his request for an extension "support[s]" his contention that he has not been given access to the law library, despite requesting it. Reply at 1. The Court disagrees. Defendant's submission, including a sworn declaration from RJD's law librarian, demonstrates that plaintiff has not followed the proper procedure to gain access to the law library. As a general rule, the Court will not grant an extension of time where plaintiff's failure to meet a deadline is the result of his own lack of diligence. Furthermore, the Court reminds plaintiff that he is expected to comply with the Court's deadlines and other orders, notwithstanding his pro se status.

Plaintiff also complains that it would be "prejudicial" for the Court to set a deadline for him to file his opposition to defendant's Motion to Dismiss. Again, the Court disagrees. Defendant's Motion to Dismiss was filed on March 22, 2021. The Court initially set a deadline of April 23, 2021, for plaintiff to respond. Doc. No. 32. At plaintiff's request, the Court has since extended that deadline to July 1, 2021 – more than three months after the Motion to Dismiss was filed. Doc. Nos. 34, 38. The Court understands that plaintiff, as an incarcerated litigant, may need additional time to prepare his papers. However, the Court must also consider the issues of fairness to defendant and its own obligation to manage its docket and resolve cases efficiently and fairly. *See* Fed. R. Civ. P. 1, 16; *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (describing prejudice that can result to parties from delay, and the Court's responsibility to prevent or remedy that prejudice). Plaintiff's proposal that the Court refrain from setting a deadline for his brief and instead permit him an open-ended opportunity to oppose defendant's motion is contrary to these goals. Accordingly, the Court again finds that plaintiff has not established good cause for an extension of time. Plaintiff's request for additional time to file his opposition is **DENIED**.

Plaintiff alternatively requests that if the Court should set a deadline for him to file an opposition to defendant's Motion to Dismiss, it also appoint counsel to represent him

2

19-cv-2050-TWR (KSC)

so that he can comply with that deadline. Reply at 2. The Court will construe this as a motion for the appointment of counsel.

Although "there is no absolute right to counsel in civil proceedings," *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), the Court may in its discretion appoint counsel to represent an indigent litigant upon a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Exceptional circumstances" warranting the appointment of counsel exist only where a plaintiff demonstrates that he is likely to succeed on the merits of his claims, ***and*** that he is unable to effectively articulate those claims. *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014).

Plaintiff does not address the issue of whether he is likely to succeed on his claims in his Reply. "A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Furthermore, the Court notes that plaintiff's first complaint has already been dismissed for failure to state a claim. Accordingly, the Court finds this factor weighs against the appointment of counsel to represent plaintiff at taxpayer expense.

The Court is also not persuaded that plaintiff lacks the ability to pursue his claims. Plaintiff represents that he "can[']t read or write" and has been relying on the assistance of another inmate, R. Arellano, to prepare his filings in this case. Reply at 2. Plaintiff further reports that Mr. Arellano is busy with his own lawsuit and must be "clear" of that litigation before he can help plaintiff in this case. *Id*. Since Mr. Arellano is not an attorney and cannot represent plaintiff in this matter, the Court will not adjust its pretrial schedule on the basis of Mr. Arellano's availability. Moreover, the Court notes that since his first complaint was dismissed, plaintiff has filed an amended complaint, a request for copies, two motions for an extension of time, and the instant Reply – in addition to voluminous filings before the dismissal. These filings demonstrate to the Court that plaintiff understands basic litigation procedure and can effectively articulate his claims.

///

Accordingly, the Court finds plaintiff has not established that "exceptional factors" exist in this case. Plaintiff's motion for the appointment of counsel is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his motion if his circumstances change such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims. *Cano*, 739 F.3d at 1219.

**IT IS SO ORDERED.**

Dated: June 25, 2021

Hon. Karen S. Crawford
United States Magistrate Judge