1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WYRES,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. RONALD ZHANG,<br><br>                              Defendant. | Case No.:  19-cv-2050-TWR (KSC)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. No. 30]** |

Plaintiff Troy Wyres ("plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that defendant Ronald Zhang, M.D. ("Zhang") was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. *See generally* Doc. No. 26 (hereafter "First Amended Complaint" or "FAC").  Before the Court is Zhang's Motion to Dismiss [Plaintiff's] First Amended Complaint for failure to state a claim for relief (the "Motion to Dismiss" or "Mot."). Doc. No. 30.  Pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1, the undersigned Magistrate Judge submits the following Report and Recommendation to United States District Judge Todd W. Robinson. Because the Court finds that plaintiff's First Amended Complaint fails to state a claim for relief, the Court **RECOMMENDS** that the District Court **GRANT** Zhang's Motion to Dismiss.

1

# I.  BACKGROUND

## A. Procedural History

On October 24, 2019, plaintiff filed a complaint against Zhang and the California Department of Corrections and Rehabilitation ("CDCR") for violating his Eighth Amendment rights. *See generally* Doc. No. 1 (the "Complaint"). On December 30, 2019, after conducting the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the District Court dismissed CDCR, finding it was not subject to suit under § 1983.  Doc. No. 5 at 4.[1]  However, the District Court found plaintiff's allegations against Zhang met the "low threshold" for proceeding. *Id*.

Zhang moved to dismiss the initial Complaint.  *See* Doc. No. 10.  After full briefing, the undersigned Magistrate Judge issued a Report and Recommendation, recommending dismissal.  *See* Doc. No. 18.  In support of its recommendation, the Court found that the facts alleged in the Complaint (including those supplied by medical records attached thereto), even when viewed in the light most favorable to plaintiff, showed that plaintiff continued to receive medical care for his complaints and "[a]t best" demonstrated "a disagreement with Zhang's treatment plan." *Id.* at 8-9.  The Court also found that plaintiff failed to meet his burden of plausibly alleging that Zhang's medical care was "medically unacceptable under the circumstances."  *Id.* at 9.  Finally, the Court found that "plaintiff ha[d] not alleged enough facts to support an inference" that Zhang's treatment decisions were "made in conscious disregard of an excessive risk to [plaintiff's] health." *Id.* at 10. In consideration of plaintiff's *pro se* status and the Complaint was his "first attempt at stating a claim for deliberate indifference," the Court also recommended that plaintiff be given leave to amend.  *Id.* at 14.  On February 23, 2021, the District Court adopted the Report and Recommendation "in its entirety" and dismissed the Complaint with leave to file an amended complaint within 30 days. Doc. No. 24 at 2.

---

[1] All citations are to the ECF-generated page numbers.

Plaintiff timely filed the First Amended Complaint on March 1, 2021. Doc. No. 26. Zhang filed the instant Motion to Dismiss on March 22, 2021, and, after several extensions, plaintiff submitted an opposition on July 6, 2021 (the "Opposition" or "Opp."). Doc. No. 41. Zhang filed his Reply on July 9, 2021 (the "Reply"). Doc. No. 42. On August 2, 2021, the Court accepted for filing a document from plaintiff titled "Sur-Reply to Deffendants [sic] Reply" (the "Surreply," Doc. No. 44) and construed it as a motion for leave to file a surreply. *See* CivLR 7.d.1 a 7.e (surreplies not permitted without prior leave of Court). Zhang was given an opportunity to respond to the Surreply but did not. *See* Doc. No. 45. Without objection from Zhang and in the interest of a complete record, the Court hereby **GRANTS** plaintiff's request for leave to file the Surreply and has considered the Surreply in making the findings and recommendations herein.

## B. Summary of Allegations

Plaintiff is an inmate at Richard J. Donovan Correctional Facility ("RJD") who suffers from chronic pain related to various "ongoing medical problem[s]" including gallstones, cirrhosis, Hepatitis B and C, degenerative disc disease, previous hip and femur fractures and past orthopedic surgeries. FAC at 6. Zhang is a physician employed at RJD and provided the medical care that is the subject of the claims herein.

Plaintiff alleges that his chronic pain was "not cure[d] but was partly control[led]" by morphine, which he was taking until Zhang discontinued it in January 2019. *Id.* at 6-7, 9. In lieu of morphine, Zhang prescribed Tylenol and Cymbalta. *Id.* at 10. Plaintiff alleges that he informed Zhang that "ever since" he stopped taking morphine, his pain is "constantly … 10/10," feels like "needle poking" or "snake bites," and interferes with his ability to dress, shower, walk and sleep. *Id.* at 8. Plaintiff alleges that neither Tylenol nor Cymbalta is as effective as morphine at controlling his pain, and that he informed Zhang of this "once a week." *Id.* at 9-11. Plaintiff also alleges he told Zhang that he did not want to take Cymbalta because it caused him stomach pain and was ineffective. *Id.* at 9. Zhang allegedly told plaintiff that he would increase the Cymbalta dosage to determine if a higher dose would more effectively treat plaintiff's pain. *Id.*

Medical records attached to the FAC reflect that plaintiff received morphine beginning in April 2017 to address his complaints of pain, after he was unable to tolerate Tylenol 3. *Id.* at 67. The records show that in addition to medication, Zhang advised plaintiff to use stretching exercises, massage, and relaxation techniques to alleviate his pain. *Id.* at 27, 42. Zhang also encouraged plaintiff to walk as much as possible – with support if necessary – echoing the recommendation of plaintiff's orthopedist that he do weight-bearing exercises. *Id.* at 23, 32. Zhang counseled plaintiff regarding the risks of continued use of opiates, including addiction and death from overdose, on several occasions. *Id.* at 28, 34, 42, 44. Various "Health Care Services Request Forms" dated after January 2019 (when Zhang allegedly discontinued plaintiff's morphine) reflect requests from plaintiff to be prescribed gabapentin for his pain, but there are no requests for his morphine to be reinstated.[2] *Id.* at 55-64. Plaintiff's history of using or abusing alcohol, cocaine, marijuana, and methamphetamines is also documented in the medical records, although he denied "recent" illicit drug use during an appointment with Zhang in March 2017. *Id.* at 17, 20, 22, 26, 43.

## C. Plaintiff's Amended Complaint and the Parties' Positions Regarding Dismissal

As a *pro se* litigant in custody, plaintiff was exempted from this District's Local Rule requiring that an amended complaint be accompanied by a marked-up version which illustrates the differences between the initial and amended complaints "through redlining, underlining, strikeouts, or other … methods." *See* CivLR 15.1.c, 15.1.d. The differences between the Initial Complaint and the FAC are, however, easily discernible by visual comparison.

For the FAC, plaintiff completed a new form complaint. *See* FAC at 1-5. Whereas the Initial Complaint named both Zhang and CDCR as defendants and sought damages for physical injuries as well as mental and emotional distress, the FAC states claims against

---

[2] Gabapentin is a non-opioid anti-seizure medication sometimes prescribed for neuropathic pain.

4

Zhang only, and seeks monetary damages solely for plaintiff's mental and emotional distress. Pages 5 through 9 and 12 through 14 of the FAC are re-filed pages of the Initial Complaint. Plaintiff also re-attached his medical records from RJD and other providers to the FAC but removed many of the records the undersigned previously identified as contradictory to his allegations, as well as CDCR's response to the grievance he filed regarding Zhang's discontinuation of his morphine.[3] *Compare* Doc. No. 1 (94 pages) *with* Doc. No. 26 (72 pages). The FAC includes a three-page discussion of Zhang's alleged deliberate indifference, in which plaintiff reiterates the legal arguments he made in opposition to Zhang's first motion to dismiss. *See* FAC at 9-12.

Zhang, noting that "the only significant change" between plaintiff's two complaints is the absence of several pages, asserts that plaintiff's effort to avoid dismissal by deleting problematic facts is "gamesmanship," and requests that the Court take judicial notice of the initial Complaint and the medical records attached thereto. Mot. at 8-9; Reply at 1-2. Zhang also argues that plaintiff has at most shown a difference of opinion regarding Zhang's treatment decisions, which is insufficient to state a claim for deliberate indifference. Mot. at 13; Reply at 5-6. Citing records attached to the initial Complaint, Zhang also asserts that the facts show his "clear concern" for plaintiff's wellbeing, and that his decision not to prescribe morphine was "based on plaintiff's medical history, examination, and well-accepted medical guidelines." Mot. at 13-14.

Plaintiff candidly admits that he removed the records that contained facts "opposite" of his allegations so that he would "not contradict[] [him]self." Surreply at 1. However, he asserts that because the FAC supersedes his prior pleadings under Rule 15(a), it is improper for Zhang to move for dismissal based on facts pled in the initial Complaint. Opp. at 1; Surreply at 2. Plaintiff also raises several factual disputes, including his disagreement that taking him off morphine was consistent with CDCR policies, since

---

[3] The ECF stamps on the FAC show that plaintiff removed pages 15-31 and 84-92 of the Initial Complaint.

"morphine is not prohibited to be prescribed in prison" and he has "bone cancer." Opp. at 3, 4; Surreply at 2.  He reiterates that his pain and suffering were "severe" and were not appropriately or promptly addressed, and further states that Zhang's decision to discontinue treatment with morphine was "unreasonable" and "unjustifiable."  Opp. at 3-5.  Plaintiff also states that there is no "legitimate proof" that he refused a drug screen or that he was diverting or hoarding drugs, and that these facts do not "justify" taking him off morphine. Opp. at 6-7; Surreply at 3.  Plaintiff summarizes allegations in the FAC that Zhang purportedly "didn't oppose," including the allegation that Zhang discontinued plaintiff's morphine because it was "too expensive" and to "punish him."  Opp. at 7-8.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) "tests the legal sufficiency of a complaint."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In assessing whether the Complaint meets these standards, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Similarly, the Court is not required to assume the truth of "allegations that contradict matters properly subject to judicial notice or by exhibit." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable ///

inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

With some exceptions, the Court's analysis on a Rule 12(b)(6) motion is limited to the "face of the complaint." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, "[i]f a complaint is accompanied by attached documents," the Court may treat those documents as part of the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Court may also consider "matters properly subject to judicial notice." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 n.3 (9th Cir. 2015). Under the incorporation by reference doctrine, the Court may consider documents external to the complaint "if the plaintiff refers extensively" to them, or they "form[] the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## B. Standards Applicable to *Pro Se* Litigants

In determining whether plaintiff has stated both a "cognizable legal theory" and "sufficient facts … to support" that theory (*Navarro*, 250 F.3d at 732), the Court keeps in mind that pleadings drafted by lay inmates are "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The Court also need not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

## III. DISCUSSION

## A. The FAC Does Not State a Plausible Claim for Deliberate Indifference

A claim for deliberate indifference to a serious medical need, as plaintiff alleges here, involves a two-part inquiry. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need," meaning that "failure to treat [the]

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Id*. (citation and internal quotations omitted). "Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent." *Id*.

Plaintiff alleges (and Zhang does not dispute) that he suffers from multiple conditions that cause him "chronic and substantial pain" and affect his activities of daily living. *See* FAC at 6-9. The Court finds the FAC sufficiently pleads a serious medical need in satisfaction of the first prong of the deliberate indifference test. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (noting that the "existence of chronic and substantial pain" is a serious medical need).

The Court therefore turns to the second prong of the deliberate indifference test, which requires plaintiff to show that Zhang purposefully ignored or failed to respond to his medical needs. *See Rosati*, 791 F.3d at 1039. This is a "high legal standard," and neither inadequate treatment, nor malpractice, nor even gross negligence will satisfy it. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Rather, plaintiff must plead facts to support the inference that Zhang's treatment choices were medically unacceptable under the circumstances and made in conscious disregard of an excessive risk to plaintiff's health and safety. *Id.* at 1058 (citations omitted).

## 1.  Plaintiff Has Alleged Only a Difference of Opinion as to Treatment

As alleged in the FAC, after taking plaintiff off morphine, Zhang prescribed non-opioid medications for his chronic pain, and told plaintiff he would explore "other alternatives" if the medications he gave plaintiff were not effective. FAC at 7-9, 41. Zhang also employed non-pharmaceutical treatments including stretching exercises, massage, and physical therapy. *Id.* Plaintiff states that in his subjective experience, these medications and treatments were "ineffective" and "like poison," and that morphine is "the only course of treatment effective without side effects." *Id.* at 7-9. Plaintiff requests that the Court "intervene" and order Zhang to "re-start[]" his morphine at the dosage he was last prescribed, although the FAC and plaintiff's Opposition document that plaintiff would also ///

accept gabapentin, Lyrica or "other type [of medication] with similar potent [sic]" for his pain. *Id.* at 13, 59; Opp. at 2.

The foregoing facts demonstrate a disagreement between plaintiff and Zhang as to the appropriate medications (and non-pharmaceutical treatments) to address his chronic pain. Even viewed in the light most favorable to plaintiff, these facts do not state a claim for deliberate indifference. It is well-settled in this Circuit that "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or.*, *State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Nor do prisoner-plaintiffs have the right to demand specific medications and treatments. *Toguchi*, 391 F.3d at 1058; *Gaynor v. Kelso*, No. 1:10-cv-00708-MJS (PC), 2012 WL 293251, at *3 (E.D. Cal. Jan. 31, 2012) (finding plaintiff who "[t]hrough his own research … discovered a drug he believes would be better suited to treat his [condition]" had not stated a "cognizable" Eighth Amendment claim).[4]

## 2. Plaintiff Has Not Alleged Zhang's Treatment Was Medically Unacceptable

Plaintiff has also not plausibly alleged that Zhang's chosen course of treatment was "medically unacceptable under the circumstances." *Toguchi*, 391 F.3d at 1058 (citations omitted). Plaintiff alleges that it was "unreasonable" for Zhang to stop treating him with morphine because Zhang "knew … or should have known" that neither Tylenol nor Cymbalta were as effective for controlling his pain. FAC at 6-7; *see also* Opp. at 3 (stating that it is "unreasonable" for a physician to reduce the dosage of an effective pain

---

[4] *See also*, *e.g.*, *DeGeorge v. Mindoro*, No. 17-CV-06069-LHK, 2019 WL 2123590, at *7 (N.D. Cal. May 15, 2019) (finding no deliberate indifference despite plaintiff's claim that only morphine was "very effective" in treating his lower back pain); *Wilson v. Montgomery*, No. 14-cv-1383-JAH (NLS), 2015 WL 12762174, at *4 (S.D. Cal. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 6804437 (S.D. Cal. Aug. 8, 2016), *aff'd*, 693 F. App'x 718 (9th Cir. 2017) (recommending dismissal where "[t]he thrust of [the prisoner's] claim [was] that he did not receive his drug of choice – morphine"); *Ernesto v. Cate*, No. 1:12cv00477 DLB PC, 2013 WL 6019612, at *5 (E.D. Cal. Nov. 13, 2013) (finding plaintiff had "[a]t most … shown a difference of opinion" even though he alleged that the medications he was given "were not working [or] causing further harm"); *Hoang Minh Tran v. Haar*, No. CV 10–07740 CJC (SS), 2011 WL 4965015, at *3 (C.D. Cal. Oct. 19, 2011) (dismissing complaint for failure to state a claim where plaintiff "request[ed] … to upgrade his medication back to Vicodin" instead of Ibuprofen).

medication).  Even if true, an unreasonable medical decision does not rise to the much higher standard of deliberate indifference.  *See Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (noting that "[e]ven gross negligence is insufficient" for an Eighth Amendment claims); *see also Schlobom v. Mountain Vista Med. Ctr.*, No. CV 13-1237-PHX-DGC (MEA), 2013 WL 6094630, at *8 (D. Ariz. Nov. 20, 2013) (noting that "[n]ot every claim by a prisoner relating to inadequate medical treatment states a [constitutional] violation").

Plaintiff asserts that Zhang's decision to take him off morphine was "grossly incompetent, inadequate, excessive as to shock the conscious [sic]."  FAC at 10.  These are legal conclusions, not facts, and the Court is not required to accept them.  *Ileto*, 349 F.3d at 1200; *see also Iqbal*, 556 U.S. at 678 (explaining that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Moreover, plaintiff's statement is not supported by specific factual allegations, but by citation to a long string of legal authorities that are inappropriate in a pleading.  *Id.* at 10-11; *see Gonzales v. Cal. Dep't of Corr. & Rehab.*, No. C 10-1317 SI (pr), 2014 WL 1677645, at *3 (N.D. Cal. Apr. 28, 2014) (observing that "legal argument and general observations" do not "belong in a pleading").  Regardless, the Court finds that plaintiff's cited authorities are readily distinguishable, as there is a marked difference between refusing to administer CPR to a patient who is not breathing, or treating cancer with Tylenol, and the care plaintiff received from Zhang.  *See* FAC at 10-11.

The Court also observes that Zhang's decision was made in the context of "an epic crisis of deadly opioid abuse and overuse," in acknowledgement of which many public authorities and health experts have disfavored the use of opioids to treat chronic pain.  *See United States v. Garrison*, 888 F.3d 1057, 1059-60 (9th Cir. 2018) (further noting that "we trust doctors and healthcare professionals to be conscientious gatekeepers to these dangerous and potentially fatal drugs").  Indeed, the FAC reflects that Zhang had counseled plaintiff regarding the dangers of opioid abuse and overdose on several occasions before discontinuing his morphine.  FAC at 28, 34, 42.  And, Zhang's recommendations for

weight-bearing and other exercises were consistent with those of plaintiff's treating orthopedist. *Id.* at 46. These facts undermine, rather than support, a reasonable inference that Zhang's decision not to prescribe plaintiff morphine was "gross[] misconduct." Surreply at 4. The Court therefore finds that plaintiff's FAC fails to plead facts that would support the inference that discontinuing treatment with morphine while addressing plaintiff's chronic pain with other medications and treatments was medically unacceptable.

### 3.  Plaintiff Has Not Alleged Purposeful Disregard of an Excessive Risk

Finally, plaintiff has not plausibly alleged that Zhang consciously disregarded "an excessive risk" to plaintiff's "health and safety" when he discontinued his morphine in favor of other treatments. *Toguchi*, 391 F.3d at 1057. Plaintiff's allegations that Zhang told him he "didn't care" that plaintiff was in pain and that he was going to "punish" plaintiff for seeking care are undermined by the fact that Zhang continued to see plaintiff "once a week" and to prescribe drugs and other treatments in an effort to get plaintiff's pain under control. *See* FAC at 8, 9, 10, 12. Even making all reasonable inferences in plaintiff's favor, Zhang's ongoing and "regular treatment" of plaintiff "shows a lack of deliberate indifference." *Wilson*, 2015 WL 12762174, at *4. Plaintiff's allegation that Zhang refused to provide morphine because it was "too expensive" is similarly undermined by the fact that plaintiff was given other medications, massage, physical therapy, and other treatments. FAC at 8, 9, 12. Notwithstanding plaintiff's characterization of these interventions as "cursory," they are not without monetary costs. Plaintiff also alleges that he has been "deprived of life necessity's [sic]" and is in danger of falling because his chronic pain makes it hard for him to move about and "gets him in depression mode." *Id.* at 7-8, 11, 14. Yet, the FAC also reflects that on various medical visits after his morphine was discontinued, plaintiff reported "feeling well" and "no signs of acute distress" were observed. *Id.* at 16, 54. Zhang's assessment that plaintiff used a wheelchair but was able to take a few steps with support remained unchanged before and after the tapering of his morphine. *Id.* at 16, 42. Based on these facts, the Court cannot infer that Zhang consciously disregarded an excessive risk to the plaintiff's health by not prescribing him morphine,

1   particularly where the FAC also shows that Zhang continued to treat plaintiff on a regular

2   basis and offered alternative therapies for his chronic pain.

3          For the foregoing reasons, the Court finds that, even construed in the light most

4   favorable to plaintiff, the FAC does not plead sufficient facts to support the inference that

5   Zhang purposefully ignored or failed to respond to plaintiff's medical needs.  *Lemire*, 726

6   F.3d at 1081.  As plaintiff has failed to satisfy the second prong of the deliberate

7   indifference test, the Court finds he has not stated a cognizable claim for violation of his

8   Eighth Amendment rights.  The Court therefore **RECOMMENDS** the District Court

9   **GRANT** Zhang's Motion to Dismiss.

10  **B. Consideration of Facts Outside the First Amended Complaint**

11         As plaintiff correctly notes, *see* Opp. at 1, his amended pleading "supersedes the

12  original."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546

13  (9th Cir. 1989) (citation omitted).  Tacitly conceding this, Zhang requests that the Court

14  take judicial notice of the initial Complaint and the documents attached to it.  Mot. at 9 n.2,

15  Reply at 2.  He argues that the FAC is a "classic sham amendment" and that judicial notice

16  of plaintiff's initial filing is appropriate to "negate such gamesmanship."  Reply at 2.

17  Throughout the briefing, Zhang cites heavily to the initial Complaint to support his

18  assertion that his treatment decisions have been appropriate, medically acceptable, and

19  made with plaintiff's health and safety in mind.

20         Federal Rule of Evidence 201 permits the Court to "judicially notice a fact that is

21  not subject to reasonable dispute" where that fact is "generally known within the …

22  jurisdiction" or "can be accurately and readily determined from sources whose accuracy

23  cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court finds that the initial

24  Complaint – which consists of unproven allegations – is not within the scope of this Rule.

25  Furthermore, even where documents are judicially noticeable, the Court may not take

26  judicial notice of their contents "when the facts are disputed."  *Cal. Sportfishing Prot. All.*

27  *v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017).  The Court therefore

28  declines to take judicial notice of facts pled in the initial Complaint, including the records

attached to it.  However, the Court takes judicial notice of the generally known facts that opioids are potentially dangerous and addictive drugs, that their overuse has been declared a public health emergency, and that various government authorities and medical experts have accordingly issued guidance regarding their use.[5]

The Court observes that the FAC contains extensive citations to records plaintiff removed from the initial Complaint.  *See* FAC at 6-8.  Under the incorporation by reference doctrine, which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken" them, the Court could have referred to the records in the Complaint had doing so been necessary.  *Khoja v. Orexigen Therapeutics*, *Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).  However, the undersigned has assessed the sufficiency of the FAC without reference to the Complaint and the attachments thereto.  As such, the Court finds that neither judicial notice nor incorporation by reference are necessary to the disposition of Zhang's Motion to Dismiss, and denies the request on that alternative basis.  *See Hayes v. Woodward*, 444 F. Supp. 2d 1127, 1137 (S.D. Cal. 2006) (declining to take judicial notice of documents where doing so was "unnecessary").

The Court also notes that **both** parties referred extensively in their briefing to facts outside the FAC to support their competing positions as to whether Zhang's decision to discontinue plaintiff's morphine was correct in light of plaintiff's specific medical complaints and history. This was not only improper but unnecessary.  The task before the Court at this stage is not to resolve factual disputes or to substitute its judgment for Zhang's,

---

[5] *See*, *e.g.*, National Institutes of Health - National Institute on Drug Abuse, *Opioids*, available at https://www.drugabuse.gov/drug-topics/opioids (last visited August 24, 2021); U.S. Dep't of Health and Human Svcs., Determination That a Public Health Emergency Exists, October 26, 2017, available at https://www.phe.gov/emergency/news/healthactions/phe/Pages/opioids.aspx (last visited August 24, 2021); Centers for Disease Control and Prevention, *CDC Guideline for Prescribing Opioids for Chronic Pain*, March 18, 2016, available at https://www.cdc.gov/opioids/providers/prescribing/guideline.html (last visited August 24, 2021); Medical Board of California, *Guidelines for Prescribing Controlled Substances for Pain,* November 2014, available at https://www.mbc.ca.gov/Download/Publications/pain-guidelines.pdf (last visited August 24, 2021).

1  but to assess whether the FAC supports the reasonable inference that Zhang's treatment of

2  plaintiff violated the Constitution.  For the reasons stated herein, the Court finds it does

3  not.

4  **C. Leave to Amend**

5      Having recommended dismissal, the Court must also address whether plaintiff

6  should be granted leave to amend his complaint again.  The Court's determination in this

7  regard "must be guided by the underlying purpose of Rule 15 to facilitate decision on the

8  merits, rather than on the pleadings or technicalities." *Walker v. Beard*, 789 F.3d 1125,

9  1139 (9th Cir. 2015) (citation omitted).  Unless it is "absolutely clear that no amendment

10 can cure the defect," a *pro se* litigant should be informed of the complaint's deficiencies

11 and given an opportunity to amend.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th

12 Cir. 1995).  "A district court, however, does not abuse its discretion in denying leave to

13 amend where amendment would be futile."  *Flowers v. First Haw. Bank*, 295 F.3d 966,

14 976 (9th Cir. 2002).

15     When plaintiff's Complaint was dismissed, the undersigned and the District Court

16 provided detailed guidance as to the reasons for the dismissal.  The District Court afforded

17 plaintiff the opportunity to amend his Complaint to plead additional and specific facts that

18 would support the inference that Zhang was deliberately indifferent to his medical needs.

19 Plaintiff did not do so.  Rather than add specific factual allegations to remedy the

20 deficiencies identified by the Court, plaintiff instead endeavored to obscure relevant,

21 unfavorable facts from the Court to avoid dismissal by removing reference to them in the

22 FAC.  As he states in his Surreply, he removed exhibits from the Initial Complaint that

23 "contradict[ed]" the Initial Complaint's "factual content" so that the Court would find he

24 had "stat[ed] sufficient facts to state a claim."  Surreply at 1-2.  It thus appears to the Court

25 that plaintiff is unable to plead additional facts to support the necessary inferences to state

26 a claim for deliberate indifference.  The Court therefore finds that any amendment would

27 be futile, and accordingly **RECOMMENDS** that the District Court dismiss plaintiff's First

28 Amended Complaint without leave to amend.

## RECOMMENDATION AND ORDER

For the reasons stated herein, the Court finds plaintiff has failed to plead facts sufficient to demonstrate Zhang was deliberately indifferent to his medical needs. It is therefore **RECOMMENDED** that the District Court **GRANT** Zhang's Motion to Dismiss plaintiff's First Amended Complaint [Doc. No. 30] for failure to state a claim upon which relief can be granted. It is further **RECOMMENDED** that the District Court dismiss plaintiff's First Amended Complaint without leave to amend.

**IT IS HEREBY ORDERED** that no later than *September 20, 2021*, any party to this Action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *September 30, 2021*. The parties are advised that any failure to timely file objections may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  August 24, 2021

Hon. Karen S. Crawford
United States Magistrate Judge