UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WYRES,<br><br>Plaintiff,<br><br>v.<br><br>DR. RONALD ZHANG and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants. | Case No.: 19-CV-2050 TWR (KSC)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTION, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF Nos. 30, 46, 51) |

Presently before the Court is the Motion to Dismiss ("Mot.," ECF No. 30) the First Amended Complaint ("FAC," ECF No. 26) filed by Defendant Ronald Zhang, M.D. Magistrate Judge Karen S. Crawford has issued a Report and Recommendation Regarding Defendant's Motion to Dismiss ("R&R," ECF No. 46), recommending that the Court grant Defendant's Motion without leave to amend. Plaintiff has filed an Objection ("Obj.," ECF No. 51) to the R&R. Having carefully reviewed the Parties' arguments, Magistrate Judge Crawford's R&R, and the law, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the R&R in its entirety, and **GRANTS** Defendant's Motion.

/ / /

/ / /

# BACKGROUND

Magistrate Judge Crawford's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant Motion. (*See* R&R at 2–6.) This Order incorporates by reference the background as set forth therein.

# LEGAL STANDARD

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). But "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

# ANALYSIS

## I. Plaintiff's Claim of Deliberate Indifference

Plaintiff objects at length to Magistrate Judge Crawford's finding that his First Amended Complaint fails to state a plausible claim for deliberate indifference. (*See generally* Obj.) Plaintiff's objections can be grouped into three categories. (*See generally id.*) First, Plaintiff asserts that Magistrate Judge Crawford's R&R erroneously relied on arguments that Defendant did not raise in his Motion and that Plaintiff therefore did not have the opportunity to refute. (*See id.* at 1–4, 10–12.[1]) Second, Plaintiff contends that the allegations in his First Amended Complaint do not support several inferences Magistrate

---

[1] Throughout this Order, pin citations refer to the CM/ECF pagination stamped at the top of each page.

2

Judge Crawford drew in her R&R.  (*See id.* at 2, 6, 9, 11.)  Third, Plaintiff argues that the R&R mischaracterizes his First Amended Complaint.  (*See id.* at 2, 4, 9–10.)

As to Plaintiff's first series of objections, Magistrate Judge Crawford's R&R does not recommend dismissal based on any legal arguments that were not first raised by Defendant.  (*Cf.* Obj. at 1 (arguing that Magistrate Judge Crawford "made h[er] own reasons why [Plaintiff's] case should be dismissed").)  While it is true that a court cannot independently raise a ground for dismissal without first giving the plaintiff the opportunity to respond, *see, e.g.*, *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981), a court also must view the plaintiff's allegations as a whole in evaluating a motion to dismiss.  *See, e.g.*, *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021); *Jones v. H.S.B.C.*, No. 11-CV-02939-CAB NLS, 2012 WL 1299203, at *2 (S.D. Cal. Apr. 13, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).  Further, a court is "not required to accept as true conclusory allegations [that] are contradicted by documents referred to in the complaint," *see Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (citing *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996), *cert. denied*, 520 U.S. 1103 (1997)), such as Plaintiff's medical records.

Here, Plaintiff identifies the following specific portions of the R&R that supposedly address "arguments" not raised by Defendant: (1) page 9, lines 12 through 19 (citing FAC at 6–7; ECF No. 41 ("Opp'n") at 3), (*see* Obj. at 3); (2) page 10, lines 8 through 17 (citing FAC at 10), (*see* Obj. at 3); (3) page 10, line 21 through page 11, line 6 (citing FAC at 28, 34, 42, 46), (*see* Obj. at 3); (4) page 11, line 17 (citing FAC at 8, 9, 12), (*see* Obj. at 3–4, 10); (5) page 11, lines 20 through 25 (citing FAC at 7–8, 11, 14, 16, 54), (*see* Obj. at 3–4, 11); and (6) page 11, lines 25 through 27 (citing FAC at 16, 42).  (*See* Obj. at 3–4, 12.)  These portions of the R&R, however, discuss Plaintiff's own allegations and arguments in his opposition to the Motion.  That Magistrate Judge Crawford addresses certain of Plaintiff's allegations that are not cited by Defendant does not mean that Plaintiff has been denied an opportunity to respond to the arguments for dismissal raised by Defendant's Motion.

Regarding Plaintiff's second set of objections, to the extent Plaintiff contends that Magistrate Judge Crawford made "inappropriate inference[s]" based on citations to material Plaintiff was unable to locate in his First Amended Complaint, this issue can be explained by immaterial, yet understandable, citation errors.  Specifically, Plaintiff contends that the First Amended Complaint makes no reference to (1) "massage, physical therapy, and other treatments," (*see* Obj. at 2, 10–11[2]); (2) an orthopedist or Defendant recommending exercise, (*see id.* at 9[3]); and (3) Defendant exploring alternative treatments. (*See id.* at 2.[4])  The medical records appended to Plaintiff's operative First Amended Complaint, however, had also previously been filed as an attachment to Plaintiff's prior Complaint.  The consequence of Plaintiff recycling these conformed pages is that his medical records now contain CM/ECF pagination both from both his original Complaint (ECF No. 1) and the operative First Amended Complaint (ECF No. 26), which at times overlap and obscure each other. (*See, e.g.*, FAC at 42.)  Page 8 of the R&R, for example, cites to page 41 of the First Amended Complaint, which—in actuality—is page 41 of the original Complaint and page 27 of the First Amended Complaint.  As Magistrate Judge Crawford notes, (*see* R&R at 8), this page indicates that Defendant "[a]dvised patient to continue stretching exercises/massaging the area as tolerated."  (*See* FAC at 27.)  Consequently, contrary to Plaintiff's Objection, (*see* Obj. at 2, 9–11), the First Amended Complaint *does* include factual allegations and medical records regarding "massage, physical therapy, and other treatments," (*see* FAC at 27); an orthopedist, (*see id.* at 32); Defendant's recommendation of exercise, (*see id.* at 23, 27, 32, 42, 44); and Defendant's exploration of alternative therapies. (*See id.* at 9.)

/ / /

---

[2] As discussed in the R&R at pages 4 (citing FAC at 27, 42), 8 (citing *id.* at 7–9, 41), and 11 (citing *id.* at 8, 9, 12).

[3] As discussed in the R&R at pages 10 through 11 (citing FAC at 46).

[4] As discussed in the R&R at page 8 (citing FAC at 7–9, 41).

Finally, Plaintiff's third category of objections contends that Magistrate Judge Crawford mischaracterizes his allegations in the First Amended Complaint. (*See* Obj. at 2, 4, 9–10.) First, to the extent Plaintiff attempts to clarify or amend the allegations in his First Amended Complaint through his Objection, the Court is unable to consider those clarifications or amendments. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.)). In any event, Magistrate Judge Crawford has not mischaracterized Plaintiff's First Amended Complaint. For example, Plaintiff contends that Defendant did not promise to try alternate therapies, but instead told Plaintiff that he "didn't care" Plaintiff was in pain and would "punish" him for seeking treatment, (*see* Obj. at 9; FAC at 8, 12), and that "morphine is too expensive." (*See* Obj. at 10; FAC at 8, 12.) As Magistrate Judge Crawford explains, however, these allegations are undermined by the voluminous medical records Plaintiff appends to his First Amended Complaint. (*See* R&R at 11 (citing FAC at 8, 9, 10, 12).) Neither Magistrate Judge Crawford nor the Court is required to accept such allegations. *See Steckman*, 143 F.3d at 1295–96. Similarly, despite alleging that he told Defendant "once a week" that Tylenol was ineffective, (*see* FAC at 10), Plaintiff argues in his Objection that he sat outside the infirmary once a week to try to see Defendant, who only scheduled him for appointments once every three months. (*See* Obj. at 5, 10.) But the First Amended Complaint does not include weekly Health Care Services Request Forms, (*see* FAC at 53–64), and Plaintiff's original, unmodified medical records indicate that he saw Defendant at least monthly during this time, if not more frequently. (*Compare* Compl. at 13–15 (May 14, 2019), 16–21 (Apr. 24, 2019), 22–24 (Mar. 11, 2019), 25–27 (Feb. 22, 2019), 28–31 (Jan. 24, 2019), 33 (Feb. 19, 2019), 60 (Mar. 21, 2019), 61 (Feb. 8, 2019); *with* FAC at 16–17 (May 14, 2019), 19 (Feb. 22, 2019), 46 (Mar. 21, 2019), 47 (Feb. 8, 2019).)

In short, Magistrate Judge Crawford does not rely on any arguments not raised by Defendant in recommending dismissal of Plaintiff's First Amended Complaint, make inferences not supported by Plaintiff's First Amended Complaint, or mischaracterize

Plaintiff's First Amended Complaint. (*Cf.* Obj.) The Court therefore **OVERRULES** Plaintiff's Objections. Further, the Court agrees with Magistrate Judge Crawford that Plaintiff's First Amended Complaint reveals Defendant's documented and ongoing medical concerns for Plaintiff's "risk of weight loss due to pain meds," (*see* FAC at 16, 19, 37, 50), as well as opiate addiction, abuse, and "increased risk of death." (*See id*. at 28, 34, 42–44.) Plaintiff's allegations further support that Defendant weighed Plaintiff's pain management against those concerns—including in concert with other medical professionals, (*see, e.g.*, *id*. at 50 (note from Dr. Alexander Shapner reporting weight loss while Plaintiff was on morphine))—over a two-year treatment period, (*see, e.g.*, *id*. at 16, 19, 37, 50 (recording medical care from May 15, 2017 to May 14, 2019)), as Defendant prescribed a variety of treatment plans, including non-opioid medications, stretching, massage, meditation, nutrition, and exercise. (*See id*. at 23, 27, 32, 42, 44.)

Accepting these well-supported factual allegations as true, the First Amended Complaint as a whole shows that Defendant attempted safely to manage Plaintiff's pain while making adjustments in response to Plaintiff's input. The Court therefore agrees with Magistrate Judge Crawford on *de novo* review that Plaintiff fails to sufficiently allege that Defendant's decision to discontinue his morphine in favor of alternative treatments was medically unacceptable or that Defendant purposefully disregarded an excessive risk to Plaintiff's health and safety. (*See* R&R at 9–12.) Instead, at most, Plaintiff alleges "a mere difference of medical opinion" as to treatment, (*see* R&R at 8–9), which is "insufficient, as a matter of law, to establish deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal citation and quotation marks omitted).

II.     **Leave to Amend**

When Magistrate Judge Crawford granted Plaintiff the opportunity to amend his initial complaint, she provided detailed guidance as to how Plaintiff should amend his pleading to allege specific facts to support his claim of deliberate indifference. (*See generally* ECF Nos. 18, 24.) As Magistrate Judge Crawford indicated in the instant R&R, Plaintiff failed to allege new facts in his First Amended Complaint, instead only removing

unfavorable facts and exhibits that contradicted his claim. (*See* R&R at 14.) Although Plaintiff objects to Magistrate Judge Crawford's recommendation that dismissal of his First Amended Complaint be with prejudice, (*see* Obj. at 13), Plaintiff's apparent gamesmanship leads the Court to conclude that he is unable to plead additional facts that would support a claim for deliberate indifference. Accordingly, on *de novo* review, it appears that amendment would be futile and, consequently, leave to amend inappropriate. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (holding that a district court does not abuse its discretion in denying leave to amend "where amendment would be futile").

## CONCLUSION

In light of the foregoing, the Court **OVERRULES** Plaintiff's Objection (ECF No. 51), **ADOPTS** Magistrate Judge Crawford's R&R (ECF No. 46), **GRANTS** Defendant's Motion (ECF No. 30), and **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's First Amended Complaint. The Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: March 29, 2022

_____
Honorable Todd W. Robinson
United States District Court