UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WYRES,<br><br>         Plaintiff,<br><br>v.<br><br>DR. RONALD ZHANG and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>         Defendants. | Case No.: 19-CV-2050 TWR (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 56) |

  Presently before the Court is Plaintiff Troy Wyres' Motion for Reconsideration ("Mot.," ECF No. 56) of the Court's March 29, 2022 Order (1) Overruling Plaintiff's Objection, (2) Adopting Report and Recommendation, and (3) Granting Defendant's Motion to Dismiss ("Order," ECF No. 52), as well as Defendant Dr. Ronald Zhang's Opposition (ECF No. 58) and Plaintiff's Reply (ECF No. 61). The Court took this matter under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). (*See* ECF No. 57.) Having carefully considered the Parties' arguments, the record, and the relevant law, the Court **DENIES** Plaintiff's Motion.

/ / /

/ / /

# BACKGROUND

This Order incorporates by reference the thorough and accurate recitation of the factual and procedural history set forth in the Honorable Karen S. Crawford's Report and Recommendation ("R&R," ECF No. 46). (*See id* at 2–6.)

# LEGAL STANDARD[1]

"Federal Rule of Civil Procedure 59(e) provides that a party may file a 'motion to alter or amend a judgment' within '28 days after the entry of the judgment.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting Fed. R. Civ. P. 59(e)). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (alteration in original) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Wood*, 759 F.3d at 1121 (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc))); *see also* S.D. Cal. CivLR 7.1(i)(1) (requiring any party moving for reconsideration "to present to the judge . . . an affidavit . . . setting forth the material facts and circumstances surrounding each prior application, including *inter alia*: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Arteaga v.*

---

[1] Plaintiff does not indicate whether the Motion is filed under Federal Rule of Civil Procedure 59(e) or 60(b). (*See generally* Mot.) Nonetheless, "[a] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [the time period permitted by the Rule." (*See* Opp'n at 1 (quoting *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001)).)

*Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)).

"District courts have 'considerable discretion' in deciding Rule 59(e) motions." *Kaufmann*, 32 F.4th at 850 (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

## ANALYSIS

Plaintiff's Motion fails to "show more than a disagreement with the Court's decision," instead merely rehashing the arguments already reviewed by both Magistrate Judge Crawford and the undersigned several times. *See Arteaga*, 733 F. Supp. 2d at 1236; (Opp'n at 2; *see also* ECF Nos. 41 (Plaintiff's Opposition to Defendant's Motion to Dismiss his First Amended Complaint), 51 (Plaintiff's Objection to Report and Recommendation)). Nonetheless, the Court addresses—and rejects—each of Plaintiff's grounds for reconsideration individually on the merits.[2]

First, Plaintiff contests the Court's statement that, "[a]s Magistrate Judge Crawford explains, however, these allegations are undermined by voluminous medical records Plaintiff appends in his FAC." (*See* Mot. at 1 (citing Order at 5 (citing R&R at 11 (citing ECF No. 26 ("FAC") at 8, 9, 10, 12)))) The citation to pages 8, 9, 10, and 12 are to Plaintiffs' allegations in his First Amended Complaint; elsewhere in the Report and Recommendation, Magistrate Judge Crawford cites to the medical records indicating that Plaintiff received "treatments such as physical therapy or massage." (*See* Mot. at 2; *see also* R&R at 4 (citing FAC at 27, 42).) For example, page 27 of the First Amended Complaint, as numbered by the CM/ECF system, indicates that Dr. Zhang "[a]dvised

---

[2] Defendant also contends that the Motion fails to comply with this District's procedural guidelines, (*see* Opp'n at 2), which require the submission of an affidavit "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist [that] did not exist, or were not shown, upon such prior application." *See* S.D. Cal. CivLR 7.1(i)(1). Plaintiff's Motion, however, was verified under penalty of perjury. (*See* Mot. at 6; *see also* Reply at 2.)

patient to continue stretching exercises/massaging the area as tolerated, also to use meditation and relaxation technique for his chronic pain." (*See* FAC at 27.) Consequently, "such words were stated" in the First Amended Complaint. (*See* Mot. at 2.) Further, Defendants did note in their Motion to Dismiss that "Plaintiff was . . . provided stretching exercises, as well as Tylenol," (*see* ECF No. 30 (MTD") at 5 (citing ECF No. 1 at 21)), and argued that "[t]he medical records attached to the Complaint reveal that the decision to discontinue morphine in favor or non-narcotic medication and physical therapy was based on Plaintiff's medical history, examination, and well-accepted medical guidelines." (*See id.* at 8.) The Court therefore **DENIES** reconsideration based on Ground #1.

Second, Plaintiff takes issue with the Court's reasoning that Plaintiff's medical records did not support his allegation that he sat outside the infirmary once a week to try to see Defendant. (*See* Mot. at 2.) The main point, however, is that "Plaintiff's original, unmodified medical records indicate that he saw Defendant at least monthly during this time, if not more frequently." (*See id.* (quoting Order at 5.)) In short, these records do not support Plaintiff's contention that "Defendant left him to suffer on no treatment or medication that was effective and adequate." (*Cf.* Mot. at 3.) Rather, Plaintiff's records reveal that Plaintiff was closely monitored during the relevant period, and Dr. "Zhang's ongoing and 'regular treatment' of plaintiff 'shows a lack of deliberate indifference.'" (R&R at 11 (quoting *Wilson v. Montgomery*, No. 14-cv-1383-JAH (NLS), 2015 WL 12762174, at *4 (S.D. Cal. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 6804437 (S.D. Cal. Aug. 8, 2016), *aff'd*, 693 F. App'x 718 (9th Cir. 2017)).) The Court therefore **DENIES** reconsideration based on Ground #2.

Plaintiff's three remaining grounds for reconsideration all relate to the standard for deliberate indifference. For example, as his third ground, Plaintiff contends that the "Court doesn[']t explain how it wasn't deliberate indifference when Defendant left Plaintiff with no appropriate treatment or medication to severe pain that felt like snake bites and broken bones." (*See* Mot. at 3.) The Court understands Plaintiff's contention that such strong pain was unacceptable but, as both Magistrate Judge Crawford and the Court previously have

explained, (*see* R&R at 9 (quoting *Franklin v. State of Or.*, *State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981))); Order at 6 (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004)), Plaintiff's disagreement with Dr. Zhang's decision to discontinue morphine in favor of alternative treatments amounts to a difference of medical opinion, not deliberate indifference.  In short, Plaintiff cannot allege in the face of his medical records that Dr. Zhang "purposefully ignored or failed to respond to his medical needs." (*See* R&R at 8 (citing *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)).)  The Court therefore **DENIES** reconsideration based on Ground #3.

Fourth, Plaintiff contends that it "is not a 'disagreement of treatment' . . . because such treatment prescribed (Tylenol, physical therapy, massage, stretching) is inappropriate and inadequate to bone cancer, bone fracture, and many more things that cause Plaintiff [to] suffer[] severely."[3]  (*See* Mot. at 4.)  Further, "Dr. Zhang knew of the inappropriate treatment and the pain & suffering but continue[d] in such course of treatment on [the] basis of no[n-]medical reasons." (*See id.*)  As Magistrate Judge Crawford explained, however, "neither inadequate treatment, nor malpractice, nor even gross negligence will satisfy" the "high legal standard" for deliberate indifference.  (*See* R&R at 8 (citing *Toguchi*, 391 F.3d at 1060).)  "Rather, plaintiff must plead facts to support the inference that Zhang's treatment choices were medically unacceptable under the circumstances and made in conscious disregard of an excessive risk to plaintiff's health and safety." (*See id.* (citing *Toguchi*, 391 F.3d at 1058).)  But "prisoner-plaintiffs [do not] have the right to demand specific medications and treatments," (*see id.* at 9 & n.4 (collecting cases)), as Plaintiff does in the First Amended Complaint.  Indeed, Magistrate Judge Crawford identified numerous cases in which the failure to prescribe opioids to manage pain did not amount to deliberate indifference. (*See* R&R at 9 & n.4.)  The Court therefore **DENIES** reconsideration based on Ground #4.

---

[3] Neither Plaintiff's First Amended Complaint nor his medical records indicate that he was being treating for bone cancer during the relevant period.  Rather, Plaintiff alleges that he had a history of pelvic, right femur, and right elbow fractures; chronic hip pain; and degenerative disc disease. (*See, e.g.*, FAC at 6.)

5

Finally, Plaintiff "want[s] to say that although Dr. Zhang put on his computer that he was telling [Plaintiff] to exercise, called for physical therapy & massage, such actions shouldn't justify his actions of leaving [Plaintiff] in pain & suffering." (*See* Mot. at 5.) This argument is cumulative of Plaintiff's prior arguments, and the Court therefore **DENIES** reconsideration based on Ground #5 for the same reasons

## CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 56) of the Court's March 29, 2022 Order (1) Overruling Plaintiff's Objection, (2) Adopting Report and Recommendation, and (3) Granting Defendant's Motion to Dismiss (ECF No. 52).

**IT IS SO ORDERED.**

Dated:  September 28, 2022

_____
Honorable Todd W. Robinson
United States District Judge